IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENISE SUARES,                )  | |
|             )  | Civil Action No. 11- 5050 (RJH) |
| Plaintiff,          )  | |
|             )  | |
| v.           )  | |
|             )  | |
| VERIZON and          )  | |
| DANIEL FLEMING,          )  | |
|             )  | |
| Defendants.          )  | |

## DEFENDANTS' MOTION TO DISMISS COMPLAINT

Now come Defendants Verizon Communications Inc. (incorrectly named as "Verizon" in the Complaint) and Daniel Fleming, and hereby move to dismiss the above-captioned action pursuant to Rules 12(b)(6) and (b)(7) of the Federal Rules of Civil Procedure. In support of its motion, Verizon states as follows:

1. This action involves claims by Denise Suares against Verizon and Daniel Fleming based upon Verizon's conduct in deducting amounts from her monthly pension payments in order to comply with a Notice of Levy on Wages, Salary and Other Income served on Verizon by the Internal Revenue Service ("IRS"). In Count I of her Complaint, Plaintiff alleges that under a New York statute, payments from public or private pensions are exempt from execution, and that Verizon therefore acted improperly in withholding amounts from her monthly pension check in compliance with the IRS Notice of Levy. In Count II of her Complaint, Plaintiff alleges that Defendants' conduct violates the Fifth Amendment to the United States Constitution. In addition to requesting reimbursement for monies which had been withheld from her pension, Plaintiff also asserts claims for compensatory and punitive damages.

2.   The claims asserted in Count I of Plaintiff's Complaint should be dismissed pursuant to Rules 12(b)(6) and 12(b)(7) of the Federal Rules of Civil Procedure because

(a)   the New York statute on which plaintiff's claim is based applies to enforcement of money judgments by judgment creditors, and is inapplicable to this dispute, which involves an IRS tax levy;

(b)   both the Internal Revenue Code ("I.R.C.") and ERISA make it clear that pension payments from ERISA-qualified pension plans are not exempt from IRS levy, and these provisions of federal law supersede any state laws that purport to exempt from IRS levy property which is not exempt under I.R.C.§6334;

(c)   Plaintiff's claims against Verizon and Daniel Fleming are barred by 26 U.S.C. §6332(e), which provides that a person who surrenders property to the IRS in response to a notice of levy is discharged from any liability to the delinquent taxpayer with respect to such property; and

(d)   Plaintiff's claims should be dismissed based on her failure to join the IRS as a necessary party.

3.   Plaintiff's Complaint also includes a claim against Verizon and Daniel Fleming for violations of the Fifth Amendment to the United States Constitution. This claim should be dismissed pursuant to Rule 12(b)(6) because of the absence of any allegations in the Complaint that either of the Defendants acted under color of state law.

4.   The basis for Defendants' Motion to Dismiss is more fully set forth in the supporting memorandum filed concurrently with this motion.

WHEREFORE, Defendants respectfully request that pursuant to Rules 12(b)(6) and (b)(7) of the Federal Rules of Civil Procedure, all claims asserted against them by Plaintiff in her Complaint be dismissed.

        Respectfully submitted,

        /s/ Keith D. Greenberg
        Keith D. Greenberg, Esq. (KG6385)
        1540 Broadway
        New York, NY 10036-4086
        (212) 471-1893
        Attorney for Defendants
        Verizon Communications Inc. and
        Daniel Fleming

        Of Counsel:

        James P. Hollihan
        Duane Morris LLP
        600 Grant Street, 50th Floor
        Pittsburgh, PA 15219
        (412) 497-1040

Dated: September 12 2011

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of September 2011 a true and correct copy of the foregoing Defendants' Motion to Dismiss Complaint was served by Federal Express on Plaintiff as follows:

>Denise Suares
>80 St. Nicholas Place, 1G
>New York, NY  10032

                                                /s/  Keith D. Greenberg