IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DENISE SUARES, | ) | |
| | ) | Civil Action No. 11-5050 (RJH) |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VERIZON and | ) | |
| DANIEL FLEMING., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS COMPLAINT**

**INTRODUCTION AND STATEMENT OF FACTS**

This action involves claims asserted by Plaintiff Denise Suares against Verizon

Communications Inc. (incorrectly named in the Complaint and hereinafter referred to as

"Verizon") and an individual benefits manager at Verizon based upon Verizon's actions in

deducting amounts from Plaintiff's monthly pension checks in compliance with a Notice of Levy

served on Verizon by the Internal Revenue Service ("IRS") pursuant to 26 U.S.C. §6331.

As a result of her prior employment with Verizon and/or its affiliates, Plaintiff

Denise Suares is a participant in, and is currently receiving a monthly benefit from, the Verizon

Pension Plan for New York and New England Associates (the "Plan"). August 30, 2011

Declaration of Daniel Fleming ("Fleming Declaration") at ¶2.[1] The current gross monthly

pension received by Ms. Suares from the Plan is $2,043.47. Id.

---

[1]   Plaintiff's Complaint  refers to various documents  and correspondence between Plaintiff and
Verizon relating to the Notice of Levy served on Verizon by the Internal Revenue Service. See
Complaint at ¶¶7-8..  However, Plaintiffs' Complaint does not attach as exhibits copies of these
documents.  Inasmuch Plaintiff's Complaint makes reference to these documents, it is proper
(Continued…)

In or about March, 2011, the Verizon Benefits Center, which provides administrative services in connection with the Plan, received a March 14, 2011 Notice of Levy on Wages, Salary, and Other Income Form 668-W(c) (hereinafter the "IRS Notice of Levy") from the IRS.  Fleming Declaration at ¶3 and Exhibit B.  The IRS Notice of Levy stated that Verizon was to turn over property in its possession such as wages, salary or other income of Denise Suares based on the IRS's determination that Ms. Suares owed unpaid taxes and penalties, as set forth in the Notice of Levy.  Id.

On April 13, 2011, the Verizon Benefits Center sent a letter to Ms. Suares, advising her of its receipt of the IRS Notice of Levy.  Fleming Declaration at ¶3 and Exhibit C The April 13, 2011 letter also advised Ms. Suares that in compliance with the Notice of Levy, Verizon intended to begin deducting $906.95 from Ms. Suares' monthly pension check and sending that amount to the IRS.  Id.  Beginning with her May 1, 2011 pension check and continuing to the present, $906.95 has been deducted from Ms. Suares' monthly pension check and that amount has been forwarded to the IRS.  Id.  See also Complaint at ¶11.

On or about April 28, 2011, Ms. Suares sent a letter to the Verizon Benefits Center, stating that she believed Verizon's conduct in withholding amounts from her monthly pension checks was improper.  Fleming Declaration at ¶4 and Exhibit D.  On May 25, 2011, Verizon sent a letter to Ms. Suares in response to her April 28, 2011 letter, advising Ms. Suares

---

(Continued…)

for the Court, if necessary, to consider these documents in resolving Defendants' Rule 12 Motion to Dismiss, even though Plaintiffs failed to attach them to the Complaint.  E.g., Holowecki v. Federal Express Corp., 440 F.3d 558, 565-566 (2d Cir.), aff'd 128 S.Ct. 1147 (2006); International Audio Text Network, Inc. v. AT&T Co., 62 F.3d 69, 72 (2d Cir. 1995).  These various documents are authenticated by, and are attached as exhibits to, the August 30, 2011 Declaration of Daniel Fleming (hereinafter the "Fleming Declaration") previously filed in support of Defendant's opposition to Plaintiff's Motion to Remand.

that Verizon intended to continuing complying with the IRS Notice of Levy. Fleming Declaration at ¶5 and Exhibit E.

On June 29, 2011, Plaintiff filed a Complaint in the Supreme Court of the State of New York, Manhattan County. In her Complaint, Plaintiff asserts that Verizon violated a New York statute by withholding a portion of Plaintiff's pension benefits in order to comply with the IRS Notice of Levy.  Complaint at ¶¶9-10 and 14.  Plaintiff also asserts a claim against Verizon and Daniel Fleming for violating the Fifth Amendment to the United States Constitution. Complaint at ¶¶15-16..  In the demand for relief included in Plaintiff's Complaint, Plaintiff requests the Court to "grant replevin of all monies levied upon of her pension benefits by Defendants," and to "grant Plaintiff actual damages in the amount of $2,700.00, levied from her pension."  Complaint at pages 3-4.

On July 22, 2011, Defendant removed Plaintiff's Complaint to this Court. Defendant removed Plaintiff's Complaint to the United States District Court for the Southern District of New York on the basis of federal question jurisdiction.  28 U.S.C. §1441(b).  See Defendant's Notice of Removal at ¶¶4-10.  Defendants have filed a Motion to Dismiss all claims asserted in Plaintiffs' Complaint pursuant to Rules 12(b)(6) and 12(b)(7) of the Federal Rules of Civil Procedure.  This brief is submitted in support of Defendant's Motion to Dismiss.


**LEGAL STANDARD OF REVIEW**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court should dismiss a claim which fails "to state a claim upon which relief can be granted."  A motion to dismiss for failure to state a claim tests the sufficiency of the allegations contained in the complaint.  See ATSI Communications, Inc. v. Shaar Fund, Ltd., 497 F.3d 87, 98 (2d Cir. 2007)

Dismissal is appropriate where, as here, the facts alleged in the complaint, even if true, fail to establish a viable or plausible claim.  Id.

In Bell Atlantic Corp. v. Twombly 550 U.S. 544 (2007), the Supreme Court ruled that a complaint must allege "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570.  More recently, in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), the Court confirmed that the heightened pleading standard announced in Twombly applies to all civil actions.  Under the standards set forth in Twombly and Iqbal, to survive a motion to dismiss a complaint must allege "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  129 S.Ct.  at 1949.  In this regard, "[t]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements, do not suffice" and "more than a sheer possibility that a defendant has acted unlawfully" must be pled.  Id.  While legal allegations may provide the framework of the complaint, "they must be supported by factual allegations."  Id. at 1950 (emphasis added).  Finally, the complaint must also state a plausible claim for relief.  Id.

## ARGUMENT

**I.    Plaintiff's Claim Based CPLR §5205 Exempts Her Pension From Levy by the IRS Fail to State a Claim Upon Which Relief May be Granted.**

### A.    CPLR 5205 Is Not Applicable To This Dispute, Which Involves Verizon's Compliance With an IRS Tax Levy.

In her Complaint, Plaintiff asserts that Verizon violated CPLR 5205 by withholding a portion of her monthly pension benefits in order to comply with the IRS Notice of Levy.  Complaint at ¶¶9-10 and 14.  However, CPLR 5205 is inapplicable to this dispute.  It creates no private cause of action, and merely lists property that is exempt from execution in

proceedings to enforce a money judgment by a private judgment creditor.  See N.Y. CVP Law §5205 (listing "property exempt from application to the satisfaction of money judgments").  See also Article 52 of the CPLR (entitled "Enforcement of Money Judgments").

As this Court stated in its August 1, 2011 Order denying Plaintiff's request for a temporary restraining order, CPLR 5205 is inapplicable to Suares' claim because "[t]his is a tax levy, not a creditor attempting to enforce a judgment."  August 1, 2011 Order at page 3 (quoting Wronge v. New York City Dist. Council of Carpenters Pension Fund, No. 10 Civ. 1224, 2010 WL 2787633 (E.D.N.Y. July 14, 2010)).

Accordingly, because CPLR 5205 is not applicable to Verizon's compliance with the IRS Tax Levy, any claims asserted by Plaintiff on the basis of this New York statute should be dismissed.

> **B.   Even if CPLR 5205 Were Applicable, It Would Be Superseded by Both the Internal Revenue Code And By ERISA.**

The Internal Revenue Code ("I.R.C.") permits the IRS to collect taxes owed to the federal government by way of a tax levy against "all property and rights to property" belonging to a taxpayer, except such property as is specifically exempted under I.R.C. §6334.  26 U.S.C. §6331.  It is well settled that property contained in an ERISA-qualified pension plan is not included among the exemptions enumerated in I.R.C. §6334.  United State v. Irving, 452 F.3d 110, 126 (2d Cir. 2006)(recognizing that absence of ERISA plans from the list of property exempt under §6334 from IRS levy).

Likewise, the anti-alienation provisions of ERISA have been interpreted as permitting the enforcement of a federal tax levy made pursuant to I.R.C. §6331.  See United States v. Sawaf, 74 F.3d 119, 123 (6th Cir. 1996) (interpreting treasury regulation §1.401(a)-

13(b)(2)); In re. McIntyre, 222 F.3d 655, 660 (9th Cir. 2000); United States v. Debbi, 2005 WL 1020557 at *2 (S.D.N.Y. April 29, 2005).  See also 26 C.F.R. §1.401(a)-13(b)(2)(1) (stating that an ERISA plan provision which satisfies ERISA's prohibition against alienation of pension benefits shall not preclude "[t]he enforcement of a federal tax levy made pursuant to section 6331").

These provisions of the I.R.C. and ERISA are dispositive of any claim that Verizon acted improperly by deducting a portion of Plaintiff's pension payments in compliance with the IRS Notice of Levy.  It is well settled that when a taxpayer has an interest in property, a state cannot exempt that property from a levy for federal taxes.  See United States v. Mitchell, 403 U.S. 190 (1971); United States v. Rogers, 461 U.S. 677 (1983).  To the contrary, I.R.C. §6634 specifically provides that "no property or rights to property shall be exempt from levy other than the property specifically made exempt from levy by subsection (a)."  26 U.S.C. §6634(c).  This provision of the I.R.C. supersedes any contrary provision of state law.  Mitchell, supra, 403 U.S. at 204-205.

Because federal law supersedes any provision of state law which purports to expand the list of property exempt from IRS levy for collection of unpaid federal taxes, Plaintiff's claim based on the applicability of CPLR 5205 is legally deficient and should be dismissed.

>           **C.      Plaintiff's Claims Against Verizon And Daniel
>                     Fleming Are Barred By The Immunity Provided
>                     By I.R.C. §6332(e).**

As stated supra, the IRS Notice of Levy was served on Verizon by the IRS pursuant to I.R.C. §6331.  Verizon complied with the Notice of Levy by deducting a portion of Ms. Suares' monthly pension benefits and forwarding it to the IRS, as required by I.R.C.

§6332(a).  A party's failure or refusal to surrender to the IRS property which is subject to levy creates personal liability for the amount not surrendered, plus costs and interest.  I.R.C. §6332(c)(1).  Further, compliance with the obligation to honor the levy extinguishes liability to the taxpayer with respect to the property surrendered.  I.R.C. §6332(e).  Specifically, I.R.C. §6332(e) provides that a person who complies with an IRS Notice of levy is discharged from any further obligation to the taxpayer as a result of such compliance.  Numerous courts, including the Second Circuit, have ruled that I.R.C. §6332(e) provides general immunity to employers or other parties for compliance with IRS levies on an employee's wages or other income.  E.g., Schiff v. Simon & Schuster, Inc., 780 F.2d 210 (2d Cir. 1985); Moore v. General Motors Pension Plan, 91 F.3d 848 (7th Cir. 1996); Kane v. Capital Guardian Trust Co., 145 F.3d 1218 (10th Cir. 1998); Melton v. Teachers Ins. & Annuity Assoc., 114 F.3d 557 (5th Cir. 1997).

Accordingly, by lawfully complying with the IRS Notice of levy, Verizon and Daniel Fleming came under the immunity protection of I.R.C. §6332(e) described above.  It follows that any claims asserted by Plaintiff against Verizon and Mr. Fleming must be dismissed because they have broad immunity from "any obligation or liability to the delinquent taxpayer." 26 U.S.C. §6332(e) (emphasis added).

### D.     Plaintiff's Complaint Should Be Dismissed Based On Her Failure To Join the IRS As A Defendant.

As is clear from a reading of Plaintiff's Compliant, Ms. Suares is as a practical matter challenging to the propriety of the IRS Notice of Levy.  See Complaint at ¶5.  Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(7) because of Plaintiff's failure to join an indispensible party, i.e., the IRS.

The I.R.C. expressly provides a remedy for Plaintiff to the extent she disagrees with the IRS Notice of Levy or wants to assert that her private pension benefits are exempt from levy.  Those remedies include filing a claim for a refund of taxes pursuant to I.R.C. §7422, or otherwise pursuing the administrative remedies available to her under the I.R.C.  See, e.g., Burroughs v. Wallingford, 780 F.2d 502, 503 (5th Cit. 1986) (holding that procedural challenges to tax levy are more appropriately brought in action against the government); Schiff, supra, 780 F.2d at  212 ("fact that appellant disputes the validity of the underlying tax assessment does not alter [appellee's] obligation to honor the levy").

Thus, to the extent Plaintiff wishes to challenge the propriety of the IRS Notice of Levy, she should pursue these remedies available to her under the I.R.C.  Her attempt to do so in this litigation without joining the IRS as a party violates the requirement that all necessary parties who have an interest in the outcome of the litigation be joined as necessary parties, and for this reason the Complaint should be dismissed pursuant to Rule 12(b)(7).

## II.   Plaintiff's Fifth Amendment Claim Is Legally Deficient And Should Be Dismissed.

As stated supra, in addition to her claims based on the New York property exemption statute, in Count II of her Complaint Plaintiff alleges that Defendants have violated the Fifth Amendment to the United States Constitution.  Complaint at ¶¶15-16.  This claim should be dismissed pursuant to Rule 12(b)(6).

Plaintiff's Complaint contains no allegations that either Verizon or Mr. Fleming acted under color of state law or otherwise acted in a governmental capacity in complying with the IRS Notice of Levy.  The absence of such allegations of state action compel summary dismissal of Plaintiff's constitutional due process claims against Verizon and Mr. Fleming.

Blum v. Yaretsky, 457 U.S. 991, 1002 (1982); Senese v. Talerico, 941 F.2d 1292, 1295 (2d Cir.

1991).


## **CONCLUSION**

On the basis of the foregoing, Defendants respectfully request that all claims

asserted by Plaintiff in her Complaint be dismissed.


Respectfully submitted,


  s/  Keith D. Greenberg
Keith D. Greenberg, Esq. (KG6385)
Duane Morris LLP
1540 Broadway
New York, NY  10036
(212) 471-1893

*Of Counsel:*
James P. Hollihan
Duane Morris LLP
600 Grant Street, Suite 5010
Pittsburgh, PA  15219
(412) 497-1040


Attorneys for Defendants,
Verizon and Daniel Fleming

Dated:  September 12, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of September 2011 a true and correct copy of

Defendants' Memorandum in Support of Motion to Dismiss Complaint was served by Federal

Express upon Plaintiff at the following address:

Denise Suares
80 St. Nicholas Place, No. 1G
New York, New York  10032


  s/   Keith D. Greenberg