IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DENISE SUARES, | ) | |
| | ) | Civil Action No. 11-5050 (RJH) |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VERIZON and | ) | |
| DANIEL FLEMING., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR REMAND**

**INTRODUCTION AND STATEMENT OF FACTS**

This action involves claims asserted by Plaintiff Denise Suares against Verizon

Communications Inc. (incorrectly named in the Complaint and hereinafter referred to as

"Verizon") and an individual benefits manager at Verizon, based upon Verizon's actions in

deducting amounts from Plaintiff's monthly pension checks in compliance with a Notice of Levy

served on Verizon by the Internal Revenue Service ("IRS") pursuant to 26 U.S.C. §6331.

As a result of her prior employment with Verizon and/or its affiliates, Plaintiff

Denise Suares is a participant in, and is currently receiving a monthly benefit from, the Verizon

Pension Plan for New York and New England Associates component of the Verizon Pension

Plan for Associates (the "Plan"). August 30, 2011 Declaration of Daniel Fleming ("Fleming

Declaration") at ¶2.[1] The current gross monthly pension received by Ms. Suares from the Plan is

$2,043.47. Id.

---

[1] Plaintiff's Complaint refers to various documents and correspondence between Plaintiff and
Verizon relating to the Notice of Levy served on Verizon by the Internal Revenue Service. See

(Continued…)

In or about March, 2011, the Verizon Benefits Center, which provides

administrative services in connection the Plan, received a March 14, 2011 Notice of Levy on

Wages, Salary, and Other Income Form 668-W(c)  (hereinafter the "IRS Notice of Levy") from

the Internal Revenue Service ("IRS").  Fleming Declaration at ¶3 and Exhibit B.   The IRS

Notice of Levy stated that Verizon was to turn over property in its possession such as wages,

salary or other income of Denise Suares based on the IRS's determination that Ms. Suares owed

unpaid taxes and penalties, as set forth in the Notice of Levy.  Id.

On April 13, 2011, the Verizon Benefits Center sent a letter to Ms. Suares,

advising her of its receipt of the IRS Notice of Levy.  Fleming Declaration at ¶3 and Exhibit C

The April 13, 2011 letter also advised Ms. Suares that in compliance with the Notice of Levy,

Verizon intended to begin deducting $906.95 from Ms. Suares' monthly pension check and

sending that amount to the IRS.  Id.  Beginning with her May 1, 2011 pension check and

continuing to the present, $906.95 has been deducted from Ms. Suares' monthly pension check

and that amount has been forwarded to the IRS.  Id.  See also Complaint at ¶11.

On or about April 28, 2011, Ms. Suares sent a letter to the Verizon Benefits

Center, stating that she believed Verizon's conduct in withholding amounts from her monthly

pension checks was improper.  Fleming Declaration at ¶4 and Exhibit D  On May 25, 2011,

Verizon sent a letter to Ms. Suares in response to her April 28, 2011 letter, advising  Ms. Suares

---

(Continued…)

Complaint at ¶¶7-8..  However, Plaintiff's Complaint does not attach as exhibits copies of these documents.  To the extent reference to these documents is necessary for resolution of Plaintiff's Motion for Remand, these various documents are authenticated by, and are attached as exhibits to, the August 30, 2011 Declaration of Daniel Fleming (hereinafter the "Fleming Declaration") filed concurrently with this memorandum.

that Verizon intended to continuing complying with the IRS Notice of Levy. Fleming

Declaration at ¶5 and Exhibit E

On June 29, 2011,  Plaintiff filed a Complaint in the Supreme Court of the State

of New York, Manhattan County. In her Complaint, Plaintiff asserts that Verizon violated a New

York statute by withholding a portion of Plaintiff's pension benefits in order to comply with the

IRS Notice of Levy.  Complaint at ¶¶9-10 and 14.  Plaintiff also asserts a claim against Verizon

and Daniel Fleming for violating the Fifth Amendment to the United States Constitution.

Complaint at ¶¶15-16..  In the demand for relief included in Plaintiff's Complaint, Plaintiff

requests the Court to "grant replevin of all monies levied upon of her pension benefits by

Defendants," and to "grant Plaintiff actual damages in the amount of $2,700.00, levied from her

pension."  Complaint at pages 3-4.

On July 22, 2011, Defendant removed Plaintiff's Complaint to this Court  on the

basis of federal question jurisdiction.  28 U.S.C. §1441(b).  See Defendant's Notice of Removal

at ¶¶4-10.  Plaintiff has now filed a motion to remand this action back to state court.  In her

remand motion, Plaintiff does not appear to contest the assertion in the notice of removal that the

pension plan from which she is receiving pension benefits is a pension plan covered by and

subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1000

et seq.  Plaintiff argues, however, that the case should be remanded because she has not asserted

a claim under ERISA, and the only claim asserted by her is premised upon a New York statute

which exempts pension benefits from enforcement of judgments.  See Plaintiff's Memorandum

In Support at page 2

Contrary to Plaintiff's arguments in this regard, Plaintiff's Complaint is clearly

seeking to recover pension benefits under the terms of a pension plan covered by ERISA.

Specifically, Ms. Suares is seeking to recover the pension benefits that she claims Verizon

improperly withheld from her monthly pension checks in order to comply with the IRS Notice of

Levy.  It follows that Plaintiffs' state law claims are preempted by ERISA, and that they fall

within the scope of ERISA's enforcement sections.  Accordingly, Defendant acted properly in

removing this action to this Court on the basis of federal question jurisdiction.[2]

This brief is submitted in opposition to Plaintiff's Motion to Remand.

### ARGUMENT

**I.  Removal of This Case Was Proper Because Plaintiff's
Complaint Asserts Claims Which Relate to an ERISA
Plan and Which Fall Within ERISA's Enforcement Scheme**

An action may be removed from state court to federal court if a federal district

court would have original jurisdiction over the matter.  28 U.S.C. §1441(a).  Claims "arising

under the Constitution, laws, or treaties of the United States" are within the original jurisdiction

of federal district courts and therefore are removable to federal court.  See 28 U.S.C. §1441(b).

Ordinarily, "determining whether a particular case arises under federal law turns on the 'well

pleaded compliant rule.'"  Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004) (citing

Franchise Tax Board of California v. Construction Laborers Vacation Trust, 463 U.S. 1, 9-10

(1983)).  This rule provides that a defendant generally may not remove a complaint to federal

court unless the face of the plaintiff's complaint establishes that the case arises under federal law.

Id.  "There is an exception, however, to the well-pleaded complaint rule.  '[W]hen a federal

---

[2]   Defendants also acted properly in removing this action because of the federal constitutional
claim included by Plaintiff in Count II of her Complaint.  See Notice of Removal at ¶10.  See
also page 7 infra.  Plaintiff's remand motion did not address this alternative basis for removal.

4

statute wholly displaces the state-law cause of action through complete pre-emption,' the state

law claim can be removed.'" Id.

As stated by the Supreme Court, "ERISA is one of these statutes" that creates a

situation of complete preemption. Davila, supra, 542 U.S. at 208. "[A]ny state-law cause of

action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts

with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-

empted." Id. at 209. Therefore, "'causes of action within the scope of the civil enforcement

provisions of §502(a) [are] removable to federal court.'" Id. (citing Metropolitan Life Ins. Co. v.

Taylor, 481 U.S. 58. 66 (1987)). A cause of action falls within the civil enforcement provisions

of §502(a) , and a person's cause of action is completely preempted, "if an individual at some

point, in time, could have brought his claim under ERISA §502(a)(1)(B), and where there is no

other independent legal duty that is implicated by a defendant's actions." Id. at 210. See also

Gilbert v. Burlington Industries, 765 F.2d 320, 326-27 (2d Cir. 1985) (finding that a state law

claim is preempted "if it has a connection with or reference to such plan."). Thus, a cause of

action within the scope of the civil enforcement provisions of ERISA §502(a) is "necessarily

federal in character by virtue of the clearly manifested intent of Congress" and is removable to

federal court. Metropolitan Life Ins., supra, 481 U.S. at 66-67.

In the instant case, a review of the allegations in Plaintiff's Complaint makes it

clear that Plaintiff is seeking to recover pension benefits under an ERISA-covered pension plan.

First, there is no question that the pension plan under which Plaintiff is receiving monthly

pension benefits is a pension plan covered by ERISA. Indeed, in her motion to remand, Plaintiff

appears to concede this point. Also, even a cursory review of the Plan (Exhibit A to the Fleming

Declaration) demonstrates that the Plan is an ERISA Plan. See Exhibit A to Fleming

Declaration.  See also 29 U..S.C. §1002(2)(A) (ERISA definition of "employee pension benefit plan").

Although Plaintiff has not formally asserted an ERISA claim under §502(a)(1)(B), she clearly is seeking to recover pension benefits and her claims necessarily fall within the scope of ERISA's enforcement sections.  Specifically, in her Complaint, Plaintiff asserts that Verizon violated a New York statute by withholding a portion of her monthly pension benefits in order to comply with the IRS Notice of Levy.  Complaint at ¶¶9-10 and 14. Even if the New York statute is applicable[3] to this dispute - - which Defendants in no way concede - - it does not create any private cause of action; it merely lists property which is exempt from execution in proceedings to enforce a money judgment.  In the demand for relief included in her Complaint, Ms. Suares requests that the Court "grant replevin of all monies levied upon her pension benefits by Defendants," and to "grant Plaintiff actual damages in the amount of $2,700 levied from her pension."  Complaint at pages 3-4.  Plaintiff is also seeking injunctive relief, having unsuccessfully moved the Court for a preliminary injunction preventing Verizon from withholding portions of her monthly checks in the future.  See August 1, 2011 Order denying Plaintiff's Motion for Temporary Restraining Order.

Thus, at the end of the day, Ms. Suares is seeking to recover the pension benefits that she claims Verizon improperly withheld from her monthly pension checks in order to comply with the IRS Notice of Levy, and is seeking an injunction prohibiting Verizon from withholding amounts from her future monthly checks.  These claims - - regardless of whether or

---

[3]   As this Court stated in its August 1, 2011 Order denying Plaintiff's request for a temporary restraining order, this statute is inapplicable to Suares' claim because "[t]his is a tax levy, not a creditor attempting to enforce a judgment." August 1, 2011 Order at page 3 (quoting Wronge v.

(Continued…)

not they specifically invoke ERISA- - fall squarely under Section 502(a)(1)(B) of ERISA, which

allows a plan participant[4] "to recover benefits due to him under the terms of his plan, or to clarify

his rights to future benefits under the terms of the plan."  29 U.S.C. §1132a)(1)(B).  Accordingly,

Plaintiffs' claims clearly "relate to" the ERISA-covered  Plan, and are expressly preempted by

ERISA.  It follows that Defendants acted properly in removing Plaintiffs' state court action to

this Court on the basis of federal jurisdiction.

## II.     Removal of This Case Was Proper Because Plaintiff's Complaint Also Asserts A Claim Under the United States Constitution

As stated <u>supra</u>, in addition to her claims based on the New York property

exemption statute, in Count II of her Complaint, Plaintiff alleges that Defendants have violated

the Fifth Amendment to the United States Constitution.  Complaint at ¶¶15-16.  In their notice of

removal, Defendants included the assertion of this federal constitutional claim as an alternate

basis for removal.  <u>See </u>Notice of Removal at ¶10.  In her Motion for Remand, Plaintiff does not

address in any way this alternative basis for removal.  It follows that Plaintiff's Motion for

Remand should be denied for this reason as well.

---

(Continued…)

<u>New York City Dist. Council of Carpenters Pension Fund</u>, No. 10 Civ. 1224, 2010 WL 2787633 (E.D.N.Y. July 14, 2010)).

[4]   Plaintiff suggests in her remand motion that the case should be remanded because she lacks standing to assert a claim under ERISA.  See Plaintiff's Memorandum in Support at page 1-2. She is clearly wrong in this assertion.  As a participant under the ERISA-covered Plan, Ms. Suares clearly has standing to assert a claim for benefits udner Section 502(a)(1)(B), which authorizes a civil action by a "participant or beneficiary."  29 U.S.C. §1132(a)(1)(B).

## CONCLUSION

On the basis of the foregoing, Defendants respectfully request that Plaintiff's

Motion for Remand be denied.


Respectfully submitted,


  s/  Keith D. Greenberg
Keith D. Greenberg, Esq. (KG6385)
Duane Morris LLP
1540 Broadway
New York, NY  10036
(212) 471-1893

*Of Counsel:*
James P. Hollihan
Duane Morris LLP
600 Grant Street, Suite 5010
Pittsburgh, PA  15219
(412) 497-1040



Attorneys for Defendants,
Verizon and Daniel Fleming

Dated:  September 1, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of September, 2011 a true and correct copy of

Defendant's Memorandum in Opposition to plaintiff's Motion for Remand was served by federal

express upon Plaintiff at the following address:

        Denise Suares
        80 St. Nicholas Place, No. 1G
        New York, New York  10032


          s/   Keith D. Greenberg