UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- )
DENISE SUARES                                                 )  Civil Action No. 11 CIV 5050
                                                              )
                                    Plaintiff,                )
v.                                                            )
                                                              )
                                                              )
VERIZON and DANIEL FLEMING                                    )
                                    Defendants.               )
------------------------------------------------------------- )
                                                              )

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS

INTRODUCTION AND STATEMENT OF FACTS

This action of removed by Defendants did improperly remove Plaintiff's state claim to the United States District Court Southern District of New York under §1446, where Plaintiff had to make an application or motion to remand the case under §1447 back to the Supreme Court of State of New York.

The Supreme Court have original jurisdiction over Plaintiff state claim, where Defendants was enjoined and served with summons and complaint by which their had failed to answer within twenty days of submission, the Court must take into account that Defendants failed to submit an answer, if the removing Defendant did not file an answer in the state court action, the Defendant must file an answer or present other defenses or objections in the federal court action within 20 days of receipt of the initial state court pleading or within 5 days after filing the notice of removal, whichever period is longer, *Federal Rule of Civil Procedure 81( c ), see generally Silva v. City of Madison, 69 F.3d 1368, 1375-76 (7th Cir. 1995)*.

The Removal was improper in this action by virtue of defect and lack of jurisdiction, the Defendants basis their federal question upon Employee Retirement Income Security Program

("ERISA"), 29 U.S.C. § 1001, et seq.., and further asserts their claim that the Removal is proper on the doctrine of field preemption, regardless of whether claims are expressly brought under a federal statute. On the contrary Defendants misstated Plaintiff's claim where she had not raised any federal claims nor asserted any federal statutes.

Plaintiff did not assert any action against the Secretary of Labor who would have been the proper party to make an ERISA claim, this claim is solely asserted against Defendants for assigned and alienation of Plaintiff's benefits without a formal administrative hearing, which is a violation of administrative due process to an opportunity to be heard.

Defendants supports their argument by referencing a plethora of internal revenue codes and case laws to construct compunction of Plaintiff by not acknowledging the protocols of the internal revenue codes, for i.e., levy and distraint under §6331(d) Requirement of notice before levy (1); In general

*Levy may be made under subsection (a) upon the salary or wages or other property of any person with respect to any unpaid tax only after the Secretary has notified such person in writing of his intention to make such levy.*

The Secretary, pursuant to Section 6331 of the code hasn't notify the Plaintiff or the Defendants as a prerequisite to levying Plaintiff's property (pension) as articulated within the Section 6331(d)(1) of the code, form 668-W is a notice of levy on wages, salary and other income sent by a revenue officer named D. Bradley, who submitted such erroneous levy to Plaintiff's former employer.

Plaintiff strongly believes that the Secretary of the Treasury will not authorize any forms that do not display an OMB number on the public trust to collect information by fraudulent means, for the reasons that such form 668-W do not display an OMB number that was submitted to Plaintiff's former employer by said revenue officer.

**PLAINTIFF'S MEMORANDUM ARGUMENT (1):**

Pursuant to the memorandum of Congress, 44 U.S.C. 3500 – 3520, known as the "Paper Reduction Act" (PRA), in Section 3512 of the Act, titled "Public Protection," it says that no person shall be subject to any penalty for failing to comply with any agency's collection of information request ( such as a 1040 form and CIV PEN), if the request does not display a valid control number assigned by the Office of Management and Budget (OMB) in accordance with the requirements of the Act, or if the agency fails to inform the person who is to respond to the collection of information that he or she is not required to respond to the collection of information request unless it displays a valid control number.

Plaintiff contends and stands squarely on truth that the Secretary did not send or hasn't notify either parties for the Defendants to continue to comply of such notice of levy as stated on their May 25, 2011, response letter as attached to the declaration of Defendant Daniel Fleming, as exhibit E.

**PLAINTIFF'S MEMORANDUM ARGUMENT (2):**

Plaintiff further contends that upon Section 6320 of the Code; notice and opportunity for hearing upon filing of notice of lien, Section 6320(a)(1) Requirement of Notice;

*The Secretary shall notify in writing the person described in Section 6321 of the filing of a notice of lien under Section 6323. Section 6320( c ), further supports that, certified or registered mail to such person's last known address, not more than 5 business days after the day of the filing of the notice of lien.*

Pursuant to but not limited to: §6331(g)(1); In general

*No levy may be made on the property of any person on any day on which such person or officer or employee of such person is required to appear in response to a summons issued by the Secretary for the purpose of collecting any underpayment of tax.*

**PLAINTIFF'S MEMORANDUM ARGUMENT (3) :**

Defendants failed to recognize that a notice of levy is a writ of execution and according to both state and federal law undertaking of property must be by order of the court of competent jurisdiction, wherefore there was no court order to undertake Plaintiff's property rights (pension) by state or federal jurisdiction.

Plaintiff did informed Defendants concerning the New York State Civil Statute, in Plaintiff letter dated the 28th day of April 2011, to Article 52 §5205 of Civil Practice Law and Rules of the State of New York to wit :

*For purposes of this article, "statutory exempt payments" means any personal property exempt from application to the satisfaction of a money judgment under any provision of (state) or (federal) law. Such term shall include, but not be limited to, payments from any of the following sources: social security, including retirement, survivors and disability benefits, supplemental security income or child support payments; veterans administration benefits; public assistance; worker's compensation; unemployment insurance; public or private pensions; railroad retirement; and black lung benefits.*

Defendants argues against state law by asserting that the civil law of the State of New York is deficient on it face and that the Plaintiff's state claim should be dismiss, Defendants went on further to assert that the federal law supersedes any provisions of the state law. The Defendants must take notice of the United States Constitution Article X as a memorandum of law as to wit:

*The powers not delegated to the United States by the Constitution, nor prohibited by it to the States are preserved to the States respectively, or to the People.*

Within the purview of title 28 U.S.C. §2005 Appraisal of goods taken on execution;

*Whenever State law requires that goods taken on execution be appraised before sale, goods taken under execution issued from a court of the United States shall be appraised in like*

*manner. The United States marshal shall summons the appraisers in the same manner as the sheriff is required to summons appraisers under State law.*

It is prima facie and substantial that federal and state law which is described in the above paragraph is supplemental in jurisdiction to each other and is equivalent to administering law within their own original jurisdiction. Goods is considered to be property rights and can be undertaken on execution within State and Federal jurisdiction. Defendants attorneys took their oath of office on the United States and State Constitutions and to assert disparaging claims against the State law is legally deficient is a high crime misdemeanor which qualified them to be sanction from practicing law under the State.

**PLAINTIFF'S MEMORANDUM ARGUMENT (4):**

Within the purview of Section 6332 Surrender of Property subject to Levy

(a) *Requirement*

*Except as otherwise provided in this section, any person in possession of or obligated with respect to property or rights to property subject to levy upon which levy has been made shall, upon demand of the Secretary, surrender such property or rights or discharge such obligation to the Secretary, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.*

The Defendants is deliberately misstating Plaintiff's complaint on their memorandum in support of motion to dismiss and failed to interpose the same said complaint within twenty days of the initial filing or within five days of the removal whichever is longer under FRCP 81( c). Defendants further asserted claim of immunity under the IRC Section 6332(e), where on the contrary liability of Defendants fiduciary duty and participant controlled investment is disclosed in Section 404( c) and in order for a fiduciary to be immune from liability under Section 404( c), a participant or beneficiary must not only have the ability to exercise control of plan assets, but must

also have taken the opportunity to "exercise independent control" with respect to the investment of assets in the individual's account. The 404(c) regulations provide guidance as to when a participant or beneficiary will deemed to have exercised control over plan assets, as well as certain circumstances under which a participant or beneficiary's exercise of control will not be considered "independent."

Plaintiff asserts the above facts of ERISA regulations and discloses that the declaration of Daniel Fleming with the attached exhibit A, the Verizon pension plan for New York and New England is deficient in compliance in accordance with ERISA Labor law of the Secretary, the participant or beneficiary do not have independent control of assets plan to surrender of Property subject to Levy, and fails to give such option or it disenfranchise, assigned and alienate participant or beneficiary from equitable relief.

Plaintiff alerted Defendants in good faith their law department to investigate this legal matter, but however, they failed to go through the proper protocol to validate the validity of such claim with the County Clerks Office of the City of New York, judgment docket & lien book search summary, to verify the evidence in what D. Bradley, submitted to be a lawful claim.

Plaintiff is in receipt and note for the record that Mr. D. Bradley arbitrarily filed a notice of levy within the City of New York clerk's office of register on August 2011, whereby prior to that filing there was no record of Mr. D. Bradley's filing of notice of levy, nor a certified or register mail sent within five days the filing pursuant to §6320(c), Plaintiff sole argument is based upon alienation by lack of independent control and couldn't make any arrangements to surrender property tax owed or due, and her only relief is assert an order to show cause for equitable relief in the Supreme Court of the State of New York.

## PLAINTIFF'S MEMORANDUM ARGUMENT (5) :

Pursuant to Verizon pension plan for the New York and New England, article 2 section 2.6; shall mean the person(s) or committee charged with the duty of acting on behalf of the Plan as the administrator of appeals of denied claims, which is the fiduciary to which broad discretion is granted under Article XIV of this Plan.

No where in the Plan's administration gives to participant or beneficiary a hearing or appeals to the affiliates for any equitable relief other than to bring a civil action against the fiduciary of the Plan to the Supreme Court. The Secretary of labor is not the proper party nor the IRS for the action held liable for the Defendants who acted in bad faith.

## CONCLUSION

Plaintiff respectfully request of the Court to remand her state claim back to the Supreme Court's original jurisdiction, Plaintiff had originally asserted her claim within the State's jurisdiction base upon the civil law of the State of New York, and made no claim under the Secretary of labor pursuant to ERISA, and the Defendants preempt or alienate and assigned property rights of Plaintiff by asserting immunity under IRC, knowingly that Plaintiff had no independent control over assets plan , other than that Plaintiff have no remedy at law or equity in federal court.

Dated October 11, 2011

Respectfully Submitted

*Denise Suares* (signature)
Denise Suares
80 St. Nicholas Place Apt. 1G
New York, New York 10032

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DENISE SUARES

_(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)_

- against -

VERIZON and DANIEL FLEMING

_(In the space above enter the full name(s) of the defendant(s)/respondent(s).)_

11 Civ. 5050 ( ) ( )

**AFFIRMATION OF SERVICE**

I, Kemitu Bey, declare under penalty of perjury that I have
served a copy of the attached Memorandum in opposition
upon Duane & Morris LLP whose address is
1540 Broadway N.Y. N.Y.
by Personal Delivery.

Dated: New York, N.Y.
October 12, 2011

Signature: Kemitu Bey
Address: 263 South 11th Ave.
City, State: Mount Vernon N.Y.
Zip Code: 10550
Telephone Number: (347) 626-1357