

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DENISE SUARES,

                Plaintiff,

      - against -

VERIZON COMMUNICATIONS INC. and
DANIEL FLEMING,

                Defendants.[1]

11 Civ. 5050 (LAP)

MEMORANDUM AND ORDER



LORETTA A. PRESKA, Chief United States District Judge:

Pro se Plaintiff Denise Suares ("Plaintiff") is a retiree who receives pension benefits from

Defendant Verizon Communications Inc. ("Verizon"). Plaintiff alleges that Verizon wrongfully

deducted, and continues to deduct wrongfully, a portion of her monthly pension benefit pursuant

to a Notice of Levy served on Verizon by the Internal Revenue Service (the "IRS"). Plaintiff

originally brought this action in the Supreme Court of the State of New York for New York

County against Verizon and Defendant Daniel Fleming, a benefits manager at Verizon

("Fleming") (collectively, "Defendants"). On July 22, 2011, Defendants removed the action to

this Court on the ground that Plaintiff's state law claims were completely preempted by the

Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA").

Before the Court are (1) a motion by Plaintiff to remand the case to state court, and (2) a motion

by Defendants pursuant to Federal Rules of Civil Procedure 12(b)(6) and (7) to dismiss the

---

[1] The Clerk of the Court is directed to amend the caption accordingly.

action.  For the reasons that follow, Plaintiff's motion to remand [Dkt. No. 8] is DENIED, and

Defendants' motion to dismiss [Dkt. No. 10] is GRANTED.[2]

## I.    BACKGROUND

The following facts are taken from Plaintiff's complaint and from documents referenced

therein.[3]  See Automated Salvage Transp., Inc. v. Wheelabrator Envtl. Sys., Inc., 155 F.3d 59, 67

(2d Cir. 1998).  The Court takes as true the factual allegations in the complaint and draws all

reasonable inferences in favor of Plaintiff.  See Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir.

2008).

Plaintiff is a former employee of Verizon and receives a gross monthly pension benefit

from the company in the amount of $2043.47.  (Compl. ¶ 4;[4] Fleming Decl. ¶ 2.)  On March 14,

2011, the IRS sent Verizon a Notice of Levy on Wages, Salary, and Other Income (the "Notice

of Levy").  (Compl. ¶ 4; Fleming Decl. Ex. B.)  The Notice of Levy informed Verizon that

Plaintiff owed money to the IRS and directed Verizon to turn over to the IRS Plaintiff's "income

that you have now or for which you are obligated."  (Fleming Decl. Ex. B.)

On April 13, 2011, Verizon sent Plaintiff a letter informing her of the Notice of Levy.

(Compl. ¶ 7; Fleming Decl. Ex. C.)  The letter notified Plaintiff that Verizon, in order to comply

---

[2] The Court has considered the following submissions in connection with the instant motions:
Memorandum of Law in Support of Plaintiff's Motion to Remand; Affidavit of Denise Suares, in
Support of Plaintiff's Motion to Remand, dated August 18, 2011; Defendants' Memorandum of
Law in Opposition to Plaintiff's Motion for Remand; Declaration of Daniel Fleming, in
Opposition to Plaintiff's Motion to Remand, dated August 30, 2011 ("Fleming Decl."); 
Defendants' Memorandum of Law in Support of Motion to Dismiss; and Plaintiff's
Memorandum of Law in Opposition to Defendants' Motion to Dismiss.

[3] Plaintiff's submissions do not provide copies of the documents she references in her complaint,
but Defendants' submissions do.  (See generally Fleming Decl.)

[4] The complaint is attached as Exhibit A to Defendants' Notice of Removal.

with the Notice of Levy, intended to begin deducting $906.95 from Plaintiff's monthly pension payments. (Fleming Decl. Ex. C.) On April 28, 2011, Plaintiff sent Verizon a letter arguing that Verizon should refrain from withholding amounts from her pension benefits because Plaintiff "commence[d] a diligent search in the County Clerk['s] Office of the City of New York, and found no levy or tax lien on the judgment docket [and] lien book search summary." (Compl. ¶¶ 6-7; Fleming Decl. Ex. D.) Fleming responded to Plaintiff's letter on May 25, 2011, and informed Plaintiff that Verizon would "continue to comply with the IRS Notice of Levy . . . until such time as the IRS revokes the levy or a court of final jurisdiction orders such levy to be unenforceable." (Fleming Decl. Ex. E.) Thus, beginning with Plaintiff's May 2011 pension check and continuing to the present, Verizon has deducted $906.95 from Plaintiff's monthly pension payment and forwarded that amount to the IRS. (See Compl. ¶ 11; Fleming Decl. Ex. E.)

On June 29, 2011, Plaintiff filed her complaint in New York state court, alleging that Verizon violated N.Y. C.P.L.R. 5205 by withholding a portion of her monthly pension payment to comply with the Notice of Levy. (See Compl. ¶ 14.) The complaint also alleges that Verizon and Fleming violated the Fifth Amendment to the U.S. Constitution. (Id. ¶ 16.) After the defendants removed the case to federal court on July 22, 2011, Plaintiff sought a temporary restraining order preventing Verizon from continuing to deduct amounts from her pension payments. Judge Holwell denied Plaintiff's application on August 1, 2011 [Dkt. No. 5]. Plaintiff then filed a motion to remand on August 22, 2011, and Defendants filed a motion to dismiss on September 12, 2011.

II.     DISCUSSION

    A.     <u>Motion to Remand</u>

        1.     <u>Legal Standard</u>

Generally, removal of a case is appropriate if the federal district court would have original subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). If the federal court lacks subject matter jurisdiction, the case must be remanded. <u>Id.</u> § 1447(c). Claims "arising under the Constitution, laws, or treaties of the United States" are within the original jurisdiction of the federal courts and therefore are removable. <u>See</u> <u>id.</u> § 1441(c); <u>id.</u> § 1331. Normally, federal question jurisdiction turns on the well-pleaded complaint rule, and a defendant's anticipated defense—including preemption—is not a basis for removal. <u>Metro. Life Ins. Co. v. Taylor</u>, 481 U.S. 58, 63 (1987).

Nonetheless, when a federal statute "'wholly displaces the state-law cause of action through complete pre-emption,'" removal of the state law claims is appropriate, even though the federal question does not appear on the face of the well-pleaded complaint. <u>Aetna Health Inc. v. Davila</u>, 542 U.S. 200, 207 (2004) (quoting <u>Beneficial Nat'l Bank v. Anderson</u>, 539 U.S. 1, 8 (2003)). ERISA is a statute that permits removal under this "complete preemption" doctrine. <u>Id.</u> at 208-09 ("[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."). Thus, "'causes of action within the scope of the civil enforcement provisions of § 502(a) [of ERISA] [are] removable to federal court.'" <u>Id.</u> at 209 (second alteration in original) (quoting <u>Metro. Life</u>, 481 U.S. at 66).

ERISA section 502(a)(1)(B)—part of ERISA's civil enforcement provision—provides that "[a] civil action may be brought . . . by a participant or beneficiary . . . to recover benefits

due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). An individual's cause of action falls "within the scope" of this provision, and therefore is preempted, "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions." Davila, 542 U.S. at 210. In such instances, the individual's claim properly may be removed to federal court.

### 2. Application

Plaintiff's claims fall "within the scope" of ERISA's civil enforcement provision, and therefore removal to this Court was proper. Plaintiff seeks as relief "replevin of all monies levied upon . . . her pension benefits," "actual damages in the amount of $2,700.00, levied from her pension," and compensatory and punitive damages. (See Compl. ¶¶ (a)-(d).) There is no dispute that Verizon's pension plan, in which Plaintiff is a participant, is an ERISA plan, and there is no "independent legal duty" implicated by Verizon's actions aside from its obligations in administering the pension plan. See Davila, 542 U.S. at 211; see also Wronge v. N.Y. City Dist. Council of Carpenters Pension Fund, No. 10 Civ. 1224, 2010 WL 2787633, at *1 (E.D.N.Y. July 14, 2010) (acknowledging removal based on ERISA preemption where plaintiff claimed that his ERISA annuity was exempt from an IRS levy pursuant to N.Y. C.P.L.R. 5205). Because Plaintiff is seeking "to recover benefits due to [her] under the terms of [her] plan, [or] to enforce [her] rights under the terms of the plan," 29 U.S.C. § 1132(a)(1)(B), her claims fall within the scope of ERISA's civil enforcement provision. They therefore are preempted by ERISA and are properly removable to this Court. Accordingly, Plaintiff's motion to remand is DENIED.

B.   <u>Motion to Dismiss</u>[5]

1.   <u>Legal Standard</u>

"Courts ruling on motions to dismiss must accept as true all well-pleaded facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor." <u>Dickerson v. Mut. of Am.</u>, 703 F. Supp. 2d 283, 290 (S.D.N.Y. 2010).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 555 U.S. 662, 678 (2009).  Rather, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Id.</u> (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>  "Where a complaint pleads facts that are 'merely consistent with' a defendant's

---

[5] Plaintiff argues that Defendants' motion to dismiss was not timely filed under Federal Rule of Civil Procedure 81(c), which establishes time frames for responsive pleadings in actions removed from state court.  Rule 81(c) provides:

> A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods:
>> (A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief;
>> (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or
>> (C) 7 days after the notice of removal is filed.

Fed. R. Civ. P. 81(c)(2).  Thus, "a responsive pleading will be required under Rule 81(c) only when: the defendant is in receipt of the complaint; he has been served with a summons; and the complaint has been filed." <u>Silva v. City of Madison</u>, 69 F.3d 1368, 1371 (7th Cir. 1995).  Here, it appears Defendants never were served with a summons. (<u>See</u> Notice of Removal ¶ 3 ("The Complaint constitute [sic] all process, pleadings and orders served upon the Defendants in this action.").)  Thus, the time limits in Rule 81(c) were not triggered.

6

liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"

Id. (quoting Twombly, 550 U.S. at 557) (internal quotation marks omitted).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  Courts must "read[] such submissions 'to raise the strongest arguments they suggest.'" Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).  However, "[w]hile held to a less stringent standard, the pro se plaintiff is not relieved of pleading requirements, and failure to plead the basic elements of a cause of action may result in dismissal." Andino v. Fischer, 698 F. Supp. 2d 362, 376 (S.D.N.Y. 2010).  Indeed, "pro se status does not relieve a plaintiff of the pleading standards otherwise prescribed by the Federal Rules of Civil Procedure." Pandozy v. Segan, 518 F. Supp. 2d 550, 554 (S.D.N.Y. 2007).

2.    Application

Plaintiff argues that her pension is exempt from the IRS levy by virtue of N.Y. C.P.L.R. 5205.  Section 5205 exempts certain retirement assets "from application to the satisfaction of a money judgment." N.Y. C.P.L.R. 5205(c).  Section 5205, however, does not apply here because "[t]his is a tax levy, not a creditor attempting to enforce a judgment." Wronge, 2010 WL 2787633, at *1.  Thus, section 5205 does not authorize relief from the tax levy.

Nor does federal law exempt Plaintiff's pension from the tax levy.  "Section 6321 of the Internal Revenue Code creates a lien for unpaid taxes in favor of the United States upon all property and rights to the property of the taxpayer." Shanbaum v. United States, 32 F.3d 180, 183 (5th Cir. 1994); see 26 U.S.C. § 6321.  "Under section 6331, the IRS is authorized to levy

upon all property and rights to property belonging to the taxpayer in order to collect his assessed income tax liabilities." Shanbaum, 32 F.3d at 183; see 26 U.S.C. § 6331.

Section 6334 of the code governs exemptions to tax levies. Section 6334(c) provides that "no property or rights to property shall be exempt from levy other than the property specifically made exempt" under section 6334(a). 26 U.S.C. § 6334(c). Section 6334(a) does not exempt ERISA pension plans, and federal regulations permit unpaid taxes to be collected by levying ERISA plans. See 26 C.F.R. § 1.401(a)-13(b)(2)(i) ("A[n ERISA] plan provision satisfying the requirements of subparagraph (1) of this paragraph [requiring ERISA plans to prohibit the alienation of pension benefits] shall not preclude . . . [t]he enforcement of a Federal tax levy made pursuant to section 6331."); United States v. Debbi, No. 02 Crim. 808, 2005 WL 1020557, at *2 (S.D.N.Y Apr. 29, 2005) (noting that ERISA "does not bar garnishment of . . . pension plans for failure to make restitution payments to the Government"). A number of other federal courts have reached the same conclusion. See In re McIntyre, 222 F.3d 655, 660 (9th Cir. 2000) ("We think it is plain that the IRS's authority to proceed against a delinquent taxpayer's interest in benefits from an ERISA-governed plan is not constrained by ERISA's anti-alienation provision."); Shanbaum, 32 F.3d at 183; cf. United States v. Irving, 452 F.3d 110, 126 (2d Cir. 2006) ("ERISA pension plans are not exempted from payment of taxes under 26 U.S.C. § 6334."). Thus, Plaintiff has failed to make a plausible showing that her pension is exempt from the IRS's tax levy.

Plaintiff's complaint, when construed liberally, also alleges that the tax levy is invalid because the IRS did not record a tax lien in the "judgment docket & lien book" in the County Clerk's Office. (Compl. ¶ 6.) The complaint then suggests that Verizon should be liable for

"fail[ing] to go through the proper protocol" to assess the validity of the tax levy. (Compl. ¶ 12.) Any such argument lacks merit.

First, Plaintiff has failed to allege a plausible claim that the tax levy is invalid. Plaintiff claims the tax levy is invalid because she found no record of a federal tax lien in the county recorder's office. A federal tax lien, however, "attaches <u>automatically</u> at the time of the assessment and remains in effect until the liability is satisfied." <u>United States v. Comparato</u>, 22 F.3d 455, 457 (2d Cir. 1994) (emphasis added) (citing 26 U.S.C. § 6322). Furthermore, "[i]t is well established that a levy on property in the hands of a third party is made by serving a notice of levy on the third party." <u>Schiff v. Simon & Schuster, Inc.</u>, 780 F.2d 210, 212 (2d Cir. 1985) (internal quotation marks and citation omitted). In addition, the IRS's decision to levy a delinquent taxpayer's property typically "does not require any judicial intervention." <u>United States v. Rodgers</u>, 461 U.S. 677, 682 (1983). Thus, Plaintiff has not alleged sufficient facts to state a plausible claim that the tax levy is invalid.

In any event, section 6332(e) of the Internal Revenue Code immunizes Defendants from liability for complying with the levy. Section 6332(e) provides that a custodian who surrenders the property of a delinquent taxpayer "shall be discharged from any obligation or liability to the delinquent taxpayer . . . arising from such surrender or payment." 26 U.S.C. § 6332(e). "Even if the levy is determined to be invalid, the custodian is still immune from liability from suits arising from the levy." <u>Warren v. Masco Contractor</u>, No. 02 Civ. 5808, 2003 WL 21805943, at *3 (D.N.J. July 15, 2003); <u>see also</u> <u>Wells v. N.Y. City Police Pension Fund</u>, No. 08 Civ. 9705, 2011 WL 1210197, at *4-5 (S.D.N.Y. Mar. 31, 2011) ("[M]oney damages against a person who has complied with an IRS levy are barred . . . irrespective of the [l]evy's continued validity."). Defendants' actions here plainly fall within the scope of the immunity provided by section

6332(e). Plaintiff's complaint alleges no more than that Verizon and Fleming should be liable for complying with the tax levy, but under the Internal Revenue Code, they are immune from liability for doing so. Accordingly, Plaintiff's claims against Defendants, including her claim under the Fifth Amendment to the U.S. Constitution, must be dismissed.[6]

III.   CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand [Dkt. No. 8] is DENIED, and Defendants' motion to dismiss [Dkt. No. 10] is GRANTED. The Clerk of the Court shall mark this action closed and all pending motions denied as moot.


SO ORDERED.

Dated: New York, New York
        September 29, 2012


                                                    UNITED STATES DISTRICT JUDGE

---

[6] Any objections Plaintiff has to the validity of the underlying tax assessment or to the validity of the tax levy may be pursued against the IRS. See Warren, 2003 WL 21805943, at *4 n.4 ("In the case of wrongful levies instituted by the IRS, including levies served with improper notice by the IRS, a person may be able to seek recourse against the IRS in federal court . . . .").